NO. 12-04-00040-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WILLIAM DAVID TOMPKINS,                       §                 APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            William David Tompkins (“Appellant”) appeals the trial court’s denial of his motion for
DNA testing. We affirm.
 
Background
            On May 21, 1992, Appellant was convicted of aggravated sexual assault of a child and was
sentenced to forty years of imprisonment.


 Appellant challenged the conviction in an appeal to the
Eleventh Court of Appeals, which affirmed the conviction in a published opinion on January 6, 1994.
See Tompkins v. State, 869 S.W.2d 637, 643 (Tex. App.–Eastland 1994, pet. dism’d).
            On November 19, 2002, Appellant filed a pro se motion for forensic DNA testing pursuant
to Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. arts.
64.01-64.05 (Vernon Supp. 2003). Appellant attached his own affidavit to the motion, stating that,
inter alia, 1) he had no documentation that any biological materials obtained during the investigation
of his crime were subjected to DNA testing, 2) “[i]dentity was an issue for the conviction [he was]
challenging,” 3) “[he] would not have been prosecuted or convicted if exculpatory results had been
obtained via DNA testing,” and 4) his request was not made to unreasonably delay the execution of
his sentence or the administration of justice. On November 11, 2003, the trial court entered an order
setting Appellant’s motion for a hearing on November 25, but the hearing was eventually reset for
December 15. The order also stated that Appellant had been appointed counsel in April of 2003 to
represent him at any future hearings on the motion. 
            The State filed a response to Appellant’s motion on December 12, stating that prior to
Appellant’s trial, a pair of the victim’s panties were tested for the presence of semen by the Texas
Department of Public Safety Crime Laboratory. The results of the test proved negative for the
presence of semen on the panties. Specifically, a letter from the Crime Laboratory stated that it was
requested to “[p]rocess the [panties] for any physical trace evidence associated with sexual assault”
and that “[a] nonspecific presumptive test for the presence of semen was negative on stains in the
crotch and on the back of the panties.” Therefore, the State argued that no evidence was available
for DNA testing. 
            On January 2, 2004, the trial court entered an order denying Appellant’s request for DNA
testing.


 In its order, the trial court found that “there is no evidence that any biological materials
have been preserved for testing” and that Appellant had failed to meet his burden of proof under
section 64.03(a)(2) of the Texas Code of Criminal Procedure. 
            On January 14, 2004, Appellant filed a “‘Second’ Motion for Forensic DNA Testing.” The
clerk’s record shows that the trial court took no action on this motion. On February 2, 2004,
Appellant filed a notice of appeal of the trial court’s January 2 order denying his request for DNA
testing.
 
Analysis
            The convicting court may order forensic DNA testing only if 1) the court finds that the
evidence still exists in a condition making DNA testing possible and has been subjected to a
sufficient chain of custody to establish its integrity, 2) identity was or is an issue in the case, and 3)
the convicted person establishes by a preponderance of the evidence that a reasonable probability
exists that (A) the person would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing and (B) the request for the proposed DNA testing is not made
to unreasonably delay the execution of sentence or administration of justice. Tex. Code Crim.
Proc. Ann. art. 64.03(a) (Vernon Supp. 2004). In the instant case, the trial court found that no
biological materials were preserved for testing and that Appellant failed to meet his burden of
proving the elements necessary to obtain the testing under article 64.03. 
            In reviewing the trial court’s decision, we employ the Guzman bifurcated standard of review
by affording almost total deference to a trial court’s determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor, while reviewing de novo
other application-of-law-to-fact issues. See Rivera, 89 S.W.3d at 59 (citing Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997)). The trial court’s determination that a reasonable probability
did not exist that exculpatory DNA tests would prove innocence is an application-of-law-to-fact
issue that does not turn on credibility and demeanor; therefore, this issue is reviewed de novo. Id.
            In his first issue, Appellant argues that the trial court erred when it found “no evidence that
any biological materials have been preserved for testing.” In his second issue, Appellant argues that
the trial court erred by not requiring the State to explain in writing why it could not deliver the
evidence to the court.


 We need not reach Appellant’s second issue because we hold that the trial
court did not err by finding that no evidence existed for testing. 
            In order to obtain a DNA test, Appellant must demonstrate that there is evidence containing
“biological material.” See Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2004). The
State has shown, by the results of testing done by the Texas Department of Public Safety, that no
“physical trace evidence,” including semen, was found in the crotch and on the back of the victim’s
panties. Therefore, no “biological material” exists in order to perform a DNA test. 
            The results of this testing performed by the Texas Department of Public Safety were also
published to the jury during Appellant’s trial.


 Although none of Appellant’s semen was found in
the victim’s panties, the jury took this exculpatory evidence into account and still convicted him. 
Appellant has therefore not shown that 1) identity was or is an issue in the case and 2) he would not
have been prosecuted or convicted if exculpatory results were obtained through DNA testing. 
Accordingly, the trial court did not err by denying Appellant’s motion for DNA testing.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered August 31, 2004.
Panel consisted of Worthen, C.J. and Griffith, J.,
DeVasto, J., not participating












(DO NOT PUBLISH)